# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

David Baard Hastings,                                    Bky. Case No. 15-50779
                                                         Chapter 7

        Debtor.

## NOTICE OF SETTLEMENT OR COMPROMISE

To: The United States Trustee, all creditors and other parties in interest.

On, **June 21, 2016** or as soon thereafter as the transaction may be completed, the undersigned Trustee of the estate of the Debtor named above will settle a controversy as follows:

The debtor listed ownership in real estate located at 730 Sherburne Ave., St. Paul Minnesota, legally described as Lot 13, Block 2, Syndicate No. 1 Addition in Ramsey County Minnesota (the "Real Estate"). The Real Estate is subject to a mortgage originated by Great Northern Financial Group. The mortgage was subsequently assigned to LPP Mortgage Ltd. The debtor entered into a contract for deed dated May 20, 2010 pursuant to which he was selling the Real Estate to Ying Xiong ("Xiong"). On December 16, 2011, the Mortgage Holder, through its attorney, filed a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage as document #4310717 with the Ramsey County Recorder. The Mortgage and underlying loan were reinstated on the day of the sheriff's sale, February 7, 2012, but the Sheriff's Certificate of Sale was mistakenly filed as document #4319472 with the Ramsey County Recorder on February 8, 2012 (the "Sheriff's Certificate of Sale."). The Contract for Deed required Xiong to pay the Mortgage in full or to otherwise re-finance the loan on or before December 31, 2015. Because Xiong had not paid off the Debtor's mortgage on the Real Estate or otherwise re-financed the loan on or before December 31, 2015, the Trustee personally served on Xiong a Notice of Cancellation of Contract for Deed (the "Notice of Cancellation"), personal service of which was admitted by Xiong through his attorney on March 14, 2016. The Notice of Cancellation would effect a cancellation of the Contract for Deed if the default is not cured on or before May 13, 2016. Following receipt of the Notice of Cancellation, Xiong, through his attorney, notified the Trustee that title to the Real Estate was held by the Mortgage Holder pursuant to the Sheriff's Certificate of Sale. To resolve the issues relating to the Real Estate, its ownership and the parties' respective interests, Xiong and the Trustee have agreed to enter into a Settlement Agreement (attached). Briefly, Xiong will pay the trustee $5,000 and bring all obligations secured by the Mortgage current and will keep the Real Estate insured. Upon receipt of the $5,000 the Trustee will be deemed to have rescinded the Notice of Cancellation. The trustee will use his best efforts to obtain an avoidance of the Sheriff's Certificate of Sale. Upon the avoidance of the Sheriff's Certificate of Sale, the trustee will execute and deliver a trustee's deed to Xiong. The trustee believes the settlement is in the best interest of the estate. If this agreement is not approved by the bankruptcy court, the Trustee shall be entitled to reassert any and all claims.

**OBJECTION: MOTION: HEARING**. Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date. If any objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate. If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing. The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the U. S. Trustee.

Clerk of Court                        United States Trustee                    Trustee

| | | |
|---|---|---|
| United States Bankruptcy Court<br>404 U.S. Courthouse<br>515 W First St.<br>Duluth, MN 55802 | 1015 U S Courthouse<br>300 So. 4th St.<br>Minneapolis, MN 55415 | (See address below) |

Dated: May 31, 2016

/e/ Erik A. Ahlgren
Erik A. Ahlgren, Trustee
220 W Washington Ave, Ste 105
Fergus Falls, MN  56537
218-998-2775
trustee@prtel.com

## Settlement Agreement

This Settlement Agreement is entered into as of May 13, 2016, by and between Ying Xiong, an individual residing at 108 Como Ave, St. Paul, MN 55103 ("Xiong") and Erik A. Ahlgren as trustee of the bankruptcy estate of David Baard Hastings, bankruptcy case number 15-50779 (the "Trustee").

A. David Baard Hastings, formerly known as David Baard Liset, (the "Debtor") filed for bankruptcy protection on November 25, 2015.
B. On Schedule A of the Debtor's bankruptcy petition, the Debtor listed his ownership in real estate located at 730 Sherburne Avenue, St. Paul, MN, legally described as Lot 13, Block 2, Syndicate No. 1 Addition in Ramsey County, Minnesota (the "Real Estate").
C. The Real Estate is subject to a mortgage originated by Great Northern Financial Group, Inc., which mortgage was filed of record with the Ramsey County Recorder on October 1, 2003 as document #3681250 (the "Mortgage").
D. The Mortgage was subsequently assigned to LPP Mortgage, Ltd, a corporation with its principal place of business located at 6000 Legacy Drive, Plano, TX 75024 (the "Mortgage Holder").
E. The Debtor entered into a contract for deed dated May 20, 2010 (the "Contract for Deed") pursuant to which he was selling the Real Estate to Xiong.
F. On December 16, 2011, the Mortgage Holder, through its attorney, filed a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage as document #4310717 with the Ramsey County Recorder.
G. The Mortgage and underlying loan were reinstated on the day of the sheriff's sale, February 7, 2012, but the Sheriff's Certificate of Sale was mistakenly filed as document #4319472 with the Ramsey County Recorder on February 8, 2012 (the "Sheriff's Certificate of Sale").
H. Although the Contract for Deed was entered into as of May 20, 2010, it was filed of record with the Ramsey County Recorder on January 3, 2013 as document #4377806.
I. The Contract for Deed required Xiong to pay the Mortgage in full or to otherwise re-finance the loan on or before December 31, 2015.
J. Because Xiong had not paid off the Debtor's mortgage on the Real Estate or otherwise re-financed the loan on or before December 31, 2015, the Trustee personally served on Xiong a Notice of Cancellation of Contract for Deed (the "Notice of Cancellation"), personal service of which was admitted by Xiong through his attorney on March 14, 2016.
K. The Notice of Cancellation will effect a cancellation of the Contract for Deed if the default is not cured on or before May 13, 2016.
L. Following receipt of the Notice of Cancellation, Xiong, through his attorney, notified the Trustee that title to the Real Estate was held by the Mortgage Holder pursuant to the Sheriff's Certificate of Sale.
M. To resolve the issues relating to the Real Estate, its ownership and the parties' respective interests, Xiong and the Trustee have agreed to enter into this Settlement Agreement.

The parties agree as follows:

1. **Terms of Settlement.**

A. Xiong will pay the Trustee $5,000 concurrent with the execution of this Agreement. Payment will be made by certified check made to the order of "Erik Ahlgren, Bky #15-50779" and delivered to Ahlgren Law Office, PLLC, 220 West Washington Ave, Suite 105, Fergus Falls, MN 56537. As additional consideration for the Trustee's agreements set forth herein, Xiong will bring all obligations secured by the Mortgage current within 30 days of the date hereof, and shall keep all such obligations current during the pendency of this Agreement. Xiong represents and warrants that he is insuring the Real Estate for its full replacement value and that he will maintain such insurance in effect during the term of this Agreement.
B. Upon receipt of the certified check for $5,000, the Trustee will be deemed to have rescinded the Notice of Cancellation.
C. The Trustee will use his best efforts to obtain an avoidance of the Sheriff's Certificate of Sale, and return title to the Real Estate to the Debtor as property of the bankruptcy estate, subject to the lien of the Mortgage.
D. Promptly upon an avoidance of the Sheriff's Certificate of Sale, the Trustee will execute and deliver a trustee's deed to Xiong. The Real Estate will remain subject to the lien of the Mortgage. Upon execution and delivery of the trustee's deed, the bankruptcy estate shall have no further obligations under the Contract for Deed or this Agreement.
E. The Trustee may deposit the funds from the $5,000 checks received pursuant to this Agreement in the trust account relating to the Debtor's bankruptcy estate. If the Trustee is unable to obtain an avoidance of the Sheriff's Certificate of Sale prior to July 31, 2016, either party may provide written notice of cancellation of this Agreement. If Xiong provides written cancellation of this Agreement, he shall be entitled to the return of the $5,000 only if (i) he has complied with the terms of this Agreement, and (ii) provides an executed quit claim deed transferring his interest in the Real Estate to the bankruptcy estate. If the Trustee provides written cancellation of this Agreement, he shall return the $5,000 and the parties will be deemed returned to the same position they were in but for this Agreement.
F. The parties shall provide to one another any assistance or cooperation that may be necessary to effectuate the terms and conditions of this Agreement, and the intent of the parties with respect thereto, including, but not limited to executing and delivering any additional documents necessary to effectuate this Agreement either individually or via their respective counsels.

2.    **Bankruptcy Court Approval.** This agreement shall become effective upon the parties' receipt of a final order of the bankruptcy court approving this agreement (the "Effective Date"). The Trustee shall make application to the bankruptcy court requesting approval. A final order is an order approving this Agreement that has been entered and not appealed within fourteen (14) days of entry of the order, or, if appealed, an order that is affirmed on appeal. If the agreement is not approved by the bankruptcy court, either party may terminate this agreement by written notice in which case both parties may reassert any and all claims and/or defenses.

3.    **Advice of Counsel.** Each of the parties to this Agreement has obtained such counsel as each deems appropriate before entering into this Agreement, and each has independently determined to enter into this Agreement.

4. **Construction.** The Parties acknowledge that they jointly participated in the drafting of this Agreement. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the Party who caused the document to be drafted. The words "include," "includes," and "including" shall be deemed to be followed by the phrase "without limitation." The use of the singular form of any word includes the plural and vice versa.

5. **Entire Agreement.** This Agreement between and among the Parties constitutes the entire agreement and understanding between and among the Parties and supersedes all prior agreements, representations and understandings concerning the subject matter hereof. The Parties represent that they did not rely on any statement, oral or written, not contained in this Agreement in making their respective decisions to enter into this Agreement.

6. **Amendments, Waiver.** This Agreement may not be terminated, amended or modified in any way except in a writing signed by all of the Parties. No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

7. **Jurisdiction; Governing Law; Venue.** This Agreement shall be governed, construed, interpreted and enforced according to the internal laws of the State of Minnesota without regard to the conflicts of law principles of any jurisdiction except to the extent that the laws of such State are superseded by the Bankruptcy Code, the Bankruptcy Rules or other applicable federal law. The Parties agree that the Bankruptcy Court shall have exclusive jurisdiction and authority over the subject matter of this Agreement, and any and all disputes relating to this Agreement and the subject matter thereof (including without limitation any action to interpret or enforce this Agreement, or any provision thereof), and the Parties hereby consent to and submit to the jurisdiction and authority of the Bankruptcy Court for any such action and waive any argument that venue in such forum is or shall be inconvenient.

IN WITNESS WHEREOF, the parties have executed this agreement.

**Bankruptcy Estate of David Baard Hastings,
bankruptcy case number 15-50779,**

_____
By Erik A. Ahlgren, Trustee

_____   May 13, 2016
Ying Xiong