# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

---

In re:

David Baard Hastings,                                              Bky. Case No. 15-50779
                                                                   Chapter 7

            Debtor.

---

# NOTICE OF SETTLEMENT OR COMPROMISE

---

To: The United States Trustee, all creditors and other parties in interest.

On, **June 21, 2016** or as soon thereafter as the transaction may be completed, the undersigned Trustee of the estate of the Debtor named above will settle a controversy as follows:

The debtor listed a ten percent (10%) ownership in Hmongtown Marketplace LLC ("Hmongtown") and The Pillars Investment Group, LLC ("Pillars").  Pillars is the deeded owner of real estate located at 217 Como Ave., St. Paul  MN. 55103, PID 36292311062, with a legal description of Lot 2, Block 1, Lawyer Heights Addition, Ramsey County, Minnesota (the "Real Estate"). Hmongtown acts as the management company of the Real Estate. To resolve ownership issues relating to Hmongtown, Pillars and the Real Estate Toua Xiong ("Xiong") and the Trustee have reached an agreement (attached).  Briefly, Xiong will pay the trustee or his assigns $75,000. The obligation will be evidenced and secured with a Promissory Note and Mortgage on the Real Estate. Xiong represents that Pillars Investment Group, LLC is a Minnesota limited liability company, that Pillars is the deeded title owner to the Real Estate with authority to mortgage Real Estate, that he currently holds a 90% membership interest in Pillars and will hold a 100% interest in Pillars upon the Effective date of the Agreement,, that the bankruptcy estate's agreements contained in the settlement constitute full and adequate consideration for the mortgage and that he has authority to sign the mortgage on behalf of Pillars. Upon the effective date, the trustee will execute and deliver to Xiong a Bill of Sale transferring the bankruptcy estate's interest in Hmongtown and Pillars to Xiong and a trustee's deed transferring the bankruptcy estates interest in the Real Estate. On or before June 30, 2016, the promissory note may be prepaid at a discount upon payment of $55,000.  Following June 30, 2016, the promissory note may be prepaid at any time upon payment of the undiscounted outstanding principal and interest in full.  The trustee believes the settlement is in the best interest of the estate. If this agreement is not approved by the bankruptcy court, the Trustee shall be entitled to reassert any and all claims.

**OBJECTION: MOTION: HEARING**. Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date. If any objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate. If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing. The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the U. S. Trustee.

| | | |
|---|---|---|
| Clerk of Court | United States Trustee | Trustee |
| United States Bankruptcy Court | 1015 U S Courthouse | (See address below) |
| 404 U.S. Courthouse | 300 So. 4th St. | |
| 515 W First St. | Minneapolis, MN 55415 | |
| Duluth, MN 55802 | | |

Dated: May 31, 2016                                         /e/ Erik A. Ahlgren
                                                            Erik A. Ahlgren, Trustee

220 W Washington Ave, Ste 105
Fergus Falls, MN  56537
218-998-2775
trustee@prtel.com

## Settlement Agreement

This Settlement Agreement is entered into as of ___5/20___, 2016, by and between Toua Xiong, an individual with a business address of 217 Como Avenue, St. Paul, MN 55104 ("Xiong"), and Erik A. Ahlgren as trustee of the bankruptcy estate of David Baard Hastings, bankruptcy case number 15-50779 (the "Trustee").

A. David Baard Hastings, formerly known as David Baard Liset, (the "Debtor") filed for bankruptcy protection on November 25, 2015.
B. On Schedule B of the Debtor's bankruptcy petition, the Debtor listed his ten percent (10%) ownership in Hmongtown Marketplace, LLC ("Hmongtown") and The Pillars Investment Group, LLC ("Pillars").
C. Pillars is the deeded owner of real estate located at 217 Como Avenue, St. Paul, MN 55103-1838, property identification number 36292311062, with a legal description of Lot 2, Block 1, Lawyer Heights Addition, Ramsey County, Minnesota (the "Real Estate").
D. Hmongtown acts as the management company of the Real Estate.
E. To resolve the ownership issues relating to Hmongtown, Pillars and the Real Estate, Xiong and the Trustee have agreed to enter into this Settlement Agreement.

The parties agree as follows:

1. **Terms of Settlement.**

   A. Xiong will pay $75,000 to the Trustee, or his assigns. The obligation to pay the Trustee will be evidenced and secured with the following documents:

      i. the promissory note attached as Exhibit A, and
      ii. the mortgage on the Real Estate attached as Exhibit B

   B. Xiong represents and warrants that (i) Pillars Investment Group, LLC is a Minnesota limited liability company in good standing with the Minnesota Secretary of State; (ii) Pillars is the deeded title holder of the Real Estate with authority to mortgage Real Estate, (iii) he currently holds a 90% membership interest in Pillars and will hold a 100% membership interest in Pillars upon the Effective Date of this Agreement, (iv) the bankruptcy estate's agreements contained herein constitute full and adequate consideration for the mortgage, and (v) he has authority to sign the mortgage on behalf of Pillars.

   C. Upon the Effective Date, as defined in Section 2, the Trustee will execute and deliver to Xiong:

      i. a bill of sale transferring the bankruptcy estate's interest in Hmongtown and Pillars to Xiong attached as Exhibit C, and
      ii. a trustee's deed transferring the bankruptcy estate's interest in the Real Estate to Pillars attached as Exhibit D.

   The Trustee's transfers will be completed on an "as is" basis, with no warranties or representations whatsoever.

D. On or before June 30, 2016, the promissory note attached as Exhibit A may be prepaid at a discount upon payment of $55,000. Following June 30, 2016, the promissory note may be prepaid at any time upon payment of the undiscounted outstanding principal and interest in full. Prepayment, whether before or after June 30, 2016, shall be made by certified check made to the order of "Erik Ahlgren, Bky #15-50779" and delivered to Ahlgren Law Office, PLLC, 220 West Washington Ave, Suite 105, Fergus Falls, MN 56537.

E. The parties shall provide to one another any assistance or cooperation that may be necessary to effectuate the terms and conditions of this Agreement, and the intent of the parties with respect thereto, including, but not limited to executing and delivering any additional documents necessary to effectuate this Agreement either individually or via their respective counsels.

2.  **Bankruptcy Court Approval.** This agreement shall become effective upon the parties' receipt of a final order of the bankruptcy court approving this agreement (the "Effective Date"). The Trustee shall make application to the bankruptcy court requesting approval. A final order is an order approving this Agreement that has been entered and not appealed within fourteen (14) days of entry of the order, or, if appealed, an order that is affirmed on appeal. If the agreement is not approved by the bankruptcy court, either party may terminate this agreement by written notice in which case both parties may reassert any and all claims and/or defenses.

3.  **Advice of Counsel.** Each of the parties to this Agreement has obtained such counsel as each deems appropriate before entering into this Agreement, and each has independently determined to enter into this Agreement.

4.  **Construction.** The Parties acknowledge that they jointly participated in the drafting of this Agreement. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the Party who caused the document to be drafted. The words "include," "includes," and "including" shall be deemed to be followed by the phrase "without limitation." The use of the singular form of any word includes the plural and vice versa.

5.  **Entire Agreement.** This Agreement between and among the Parties constitutes the entire agreement and understanding between and among the Parties and supersedes all prior agreements, representations and understandings concerning the subject matter hereof. The Parties represent that they did not rely on any statement, oral or written, not contained in this Agreement in making their respective decisions to enter into this Agreement.

6.  **Amendments, Waiver.** This Agreement may not be terminated, amended or modified in any way except in a writing signed by all of the Parties. No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

7.  **Jurisdiction; Governing Law; Venue.** This Agreement shall be governed, construed, interpreted and enforced according to the internal laws of the State of Minnesota without regard to the conflicts of law principles of any jurisdiction except to the extent that the

laws of such State are superseded by the Bankruptcy Code, the Bankruptcy Rules or other applicable federal law. The Parties agree that the Bankruptcy Court shall have exclusive jurisdiction and authority over the subject matter of this Agreement, and any and all disputes relating to this Agreement and the subject matter thereof (including without limitation any action to interpret or enforce this Agreement, or any provision thereof), and the Parties hereby consent to and submit to the jurisdiction and authority of the Bankruptcy Court for any such action and waive any argument that venue in such forum is or shall be inconvenient.

IN WITNESS WHEREOF, the parties have executed this agreement.

**Bankruptcy Estate of David Baard Hastings,**
**bankruptcy case number 15-50779,**

_____
By Erik A. Ahlgren, Trustee


_____
Toua Xiong

**EXHIBIT A**

**SECURED PROMISSORY NOTE**

$75,000.00

5/20/ _____, 2016

FOR VALUE RECEIVED, the undersigned Toua Xiong ("Borrower"), promises to pay to Erik A. Ahlgren as chapter 7 trustee for the bankruptcy estate of David Baard Hastings, bankruptcy case number 15-50779, or his successors or assigns (the "Holder") the sum of Seventy-five Thousand and no/100ths Dollars ($75,000.00) together with interest, as hereinafter provided, in lawful money of the United States of America.

1. <u>Payment Schedule</u>. Commencing on June 10, 2016, and on the tenth day of each month thereafter through and including June 10, 2022 (the "Maturity"), the Borrower shall pay to the Holder monthly payments of $1,389.44 in immediately available funds without setoff, counterclaim or deduction of any kind, in arrears, so that each payment is received by the Holder of this Note on or before its due date at such place as the Holder may from time to time in writing appoint pursuant to the terms hereof. Notwithstanding the foregoing, the final payment shall pay the remaining principal and interest due, in full.

2. <u>Interest</u>. Interest shall accrue at the rate of 10% per annum. The monthly payment amount is inclusive of principal and interest at the rate of 10% per annum in an amount sufficient to fully amortize the original principal balance of this Note over a 6 year period. A loan amortization schedule is attached hereto as a convenience, but shall not be deemed to modify the terms of this Note.

3. <u>Place of Payment</u>. Borrower shall pay the monthly payment amount at such place as the Holder of this Note may from time to time in writing appoint. Until further notice is provided to Borrower, the payment shall be made payable to "Erik A. Ahlgren, Bankruptcy Trustee" and shall be mailed to 220 W. Washington Ave, Fergus Falls, MN 56537. Borrower acknowledges that the current Holder intends to assign this Note and the mortgage securing the Note. Upon the Holder providing notice of assignment, Borrower shall make payment to any successor or assign pursuant to the written instructions of the successor or assign.

4. <u>Late Charges</u>. In addition to interest as set forth herein, the Borrower shall pay to Lender a late charge equal to five percent (5%) of any amounts due under this Note in the event any such amount is not paid when due. The late charge is intended to compensate the Holder for the costs of handling such late payment and is in addition to any attorney's fees or collection costs. The Borrower acknowledges that the late charge is a reasonable estimate of the costs of handling the late payment and is not intended as a penalty.

5. <u>Costs and Attorneys' Fees</u>. Borrower agrees to pay all reasonable costs

## Loan Amortization Schedule

| | Enter values | | | Loan summary | |
|---|---|---|---|---|---|
| Loan amount | $ | 75,000.00 | Scheduled payment | $ | 1,389.44 |
| Annual interest rate | | 10.00 % | Scheduled number of payments | | 72 |
| Loan period in years | | 6 | Actual number of payments | | 72 |
| Number of payments per year | | 12 | Total early payments | $ | - |
| Start date of loan | | 6/1/2016 | Total interest | $ | 25,039.52 |
| Optional extra payments | $ | - | | | |

Borrower Pillars Investment Group, LLC
Hmongtown Marketplace Mortgage

| Pmt No. | Payment Date | Beginning Balance | Scheduled Payment | Extra Payment | Total Payment | Principal | Interest | Ending Balance | Cumulative Interest |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 7/1/2016 | $ 75,000.00 | $ 1,389.44 | $ - | $ 1,389.44 | $ 764.44 | $ 625.00 | $ 74,235.56 | $ 625.00 |
| 2 | 8/1/2016 | 74,235.56 | 1,389.44 | - | 1,389.44 | 770.81 | 618.63 | 73,464.75 | 1,243.63 |
| 3 | 9/1/2016 | 73,464.75 | 1,389.44 | - | 1,389.44 | 777.23 | 612.21 | 72,687.52 | 1,855.84 |
| 4 | 10/1/2016 | 72,687.52 | 1,389.44 | - | 1,389.44 | 783.71 | 605.73 | 71,903.81 | 2,461.57 |
| 5 | 11/1/2016 | 71,903.81 | 1,389.44 | - | 1,389.44 | 790.24 | 599.20 | 71,113.57 | 3,060.76 |
| 6 | 12/1/2016 | 71,113.57 | 1,389.44 | - | 1,389.44 | 796.82 | 592.61 | 70,316.75 | 3,653.38 |
| 7 | 1/1/2017 | 70,316.75 | 1,389.44 | - | 1,389.44 | 803.46 | 585.97 | 69,513.28 | 4,239.35 |
| 8 | 2/1/2017 | 69,513.28 | 1,389.44 | - | 1,389.44 | 810.16 | 579.28 | 68,703.12 | 4,818.63 |
| 9 | 3/1/2017 | 68,703.12 | 1,389.44 | - | 1,389.44 | 816.91 | 572.53 | 67,886.21 | 5,391.15 |
| 10 | 4/1/2017 | 67,886.21 | 1,389.44 | - | 1,389.44 | 823.72 | 565.72 | 67,062.49 | 5,956.87 |
| 11 | 5/1/2017 | 67,062.49 | 1,389.44 | - | 1,389.44 | 830.58 | 558.85 | 66,231.91 | 6,515.73 |
| 12 | 6/1/2017 | 66,231.91 | 1,389.44 | - | 1,389.44 | 837.51 | 551.93 | 65,394.40 | 7,067.66 |
| 13 | 7/1/2017 | 65,394.40 | 1,389.44 | - | 1,389.44 | 844.48 | 544.95 | 64,549.92 | 7,612.61 |
| 14 | 8/1/2017 | 64,549.92 | 1,389.44 | - | 1,389.44 | 851.52 | 537.92 | 63,698.40 | 8,150.53 |
| 15 | 9/1/2017 | 63,698.40 | 1,389.44 | - | 1,389.44 | 858.62 | 530.82 | 62,839.78 | 8,681.35 |
| 16 | 10/1/2017 | 62,839.78 | 1,389.44 | - | 1,389.44 | 865.77 | 523.66 | 61,974.01 | 9,205.01 |
| 17 | 11/1/2017 | 61,974.01 | 1,389.44 | - | 1,389.44 | 872.99 | 516.45 | 61,101.02 | 9,721.46 |
| 18 | 12/1/2017 | 61,101.02 | 1,389.44 | - | 1,389.44 | 880.26 | 509.18 | 60,220.76 | 10,230.64 |
| 19 | 1/1/2018 | 60,220.76 | 1,389.44 | - | 1,389.44 | 887.60 | 501.84 | 59,333.16 | 10,732.48 |
| 20 | 2/1/2018 | 59,333.16 | 1,389.44 | - | 1,389.44 | 894.99 | 494.44 | 58,438.16 | 11,226.92 |
| 21 | 3/1/2018 | 58,438.16 | 1,389.44 | - | 1,389.44 | 902.45 | 486.98 | 57,535.71 | 11,713.91 |
| 22 | 4/1/2018 | 57,535.71 | 1,389.44 | - | 1,389.44 | 909.97 | 479.46 | 56,625.74 | 12,193.37 |
| 23 | 5/1/2018 | 56,625.74 | 1,389.44 | - | 1,389.44 | 917.56 | 471.88 | 55,708.18 | 12,665.25 |
| 24 | 6/1/2018 | 55,708.18 | 1,389.44 | - | 1,389.44 | 925.20 | 464.23 | 54,782.98 | 13,129.49 |
| 25 | 7/1/2018 | 54,782.98 | 1,389.44 | - | 1,389.44 | 932.91 | 456.52 | 53,850.06 | 13,586.01 |
| 26 | 8/1/2018 | 53,850.06 | 1,389.44 | - | 1,389.44 | 940.69 | 448.75 | 52,909.38 | 14,034.76 |
| 27 | 9/1/2018 | 52,909.38 | 1,389.44 | - | 1,389.44 | 948.53 | 440.91 | 51,960.85 | 14,475.67 |
| 28 | 10/1/2018 | 51,960.85 | 1,389.44 | - | 1,389.44 | 956.43 | 433.01 | 51,004.42 | 14,908.68 |
| 29 | 11/1/2018 | 51,004.42 | 1,389.44 | - | 1,389.44 | 964.40 | 425.04 | 50,040.02 | 15,333.72 |
| 30 | 12/1/2018 | 50,040.02 | 1,389.44 | - | 1,389.44 | 972.44 | 417.00 | 49,067.58 | 15,750.72 |
| 31 | 1/1/2019 | 49,067.58 | 1,389.44 | - | 1,389.44 | 980.54 | 408.90 | 48,087.04 | 16,159.61 |
| 32 | 2/1/2019 | 48,087.04 | 1,389.44 | - | 1,389.44 | 988.71 | 400.73 | 47,098.33 | 16,560.34 |
| 33 | 3/1/2019 | 47,098.33 | 1,389.44 | - | 1,389.44 | 996.95 | 392.49 | 46,101.38 | 16,952.82 |
| 34 | 4/1/2019 | 46,101.38 | 1,389.44 | - | 1,389.44 | 1,005.26 | 384.18 | 45,096.12 | 17,337.00 |
| 35 | 5/1/2019 | 45,096.12 | 1,389.44 | - | 1,389.44 | 1,013.64 | 375.80 | 44,082.48 | 17,712.80 |
| 36 | 6/1/2019 | 44,082.48 | 1,389.44 | - | 1,389.44 | 1,022.08 | 367.35 | 43,060.40 | 18,080.16 |

| Pmt No. | Payment Date | Beginning Balance | Scheduled Payment | Extra Payment | Total Payment | Principal | Interest | Ending Balance | Cumulative Interest |
|---|---|---|---|---|---|---|---|---|---|
| 37 | 7/1/2019 | 43,060.40 | 1,389.44 | - | 1,389.44 | 1,030.60 | 358.84 | 42,029.79 | 18,438.99 |
| 38 | 8/1/2019 | 42,029.79 | 1,389.44 | - | 1,389.44 | 1,039.19 | 350.25 | 40,990.60 | 18,789.24 |
| 39 | 9/1/2019 | 40,990.60 | 1,389.44 | - | 1,389.44 | 1,047.85 | 341.59 | 39,942.76 | 19,130.83 |
| 40 | 10/1/2019 | 39,942.76 | 1,389.44 | - | 1,389.44 | 1,056.58 | 332.86 | 38,886.17 | 19,463.69 |
| 41 | 11/1/2019 | 38,886.17 | 1,389.44 | - | 1,389.44 | 1,065.39 | 324.05 | 37,820.79 | 19,787.74 |
| 42 | 12/1/2019 | 37,820.79 | 1,389.44 | - | 1,389.44 | 1,074.26 | 315.17 | 36,746.52 | 20,102.91 |
| 43 | 1/1/2020 | 36,746.52 | 1,389.44 | - | 1,389.44 | 1,083.22 | 306.22 | 35,663.31 | 20,409.13 |
| 44 | 2/1/2020 | 35,663.31 | 1,389.44 | - | 1,389.44 | 1,092.24 | 297.19 | 34,571.06 | 20,706.33 |
| 45 | 3/1/2020 | 34,571.06 | 1,389.44 | - | 1,389.44 | 1,101.35 | 288.09 | 33,469.72 | 20,994.42 |
| 46 | 4/1/2020 | 33,469.72 | 1,389.44 | - | 1,389.44 | 1,110.52 | 278.91 | 32,359.19 | 21,273.33 |
| 47 | 5/1/2020 | 32,359.19 | 1,389.44 | - | 1,389.44 | 1,119.78 | 269.66 | 31,239.41 | 21,542.99 |
| 48 | 6/1/2020 | 31,239.41 | 1,389.44 | - | 1,389.44 | 1,129.11 | 260.33 | 30,110.31 | 21,803.32 |
| 49 | 7/1/2020 | 30,110.31 | 1,389.44 | - | 1,389.44 | 1,138.52 | 250.92 | 28,971.79 | 22,054.24 |
| 50 | 8/1/2020 | 28,971.79 | 1,389.44 | - | 1,389.44 | 1,148.01 | 241.43 | 27,823.78 | 22,295.67 |
| 51 | 9/1/2020 | 27,823.78 | 1,389.44 | - | 1,389.44 | 1,157.57 | 231.86 | 26,666.21 | 22,527.54 |
| 52 | 10/1/2020 | 26,666.21 | 1,389.44 | - | 1,389.44 | 1,167.22 | 222.22 | 25,498.99 | 22,749.76 |
| 53 | 11/1/2020 | 25,498.99 | 1,389.44 | - | 1,389.44 | 1,176.95 | 212.49 | 24,322.04 | 22,962.25 |
| 54 | 12/1/2020 | 24,322.04 | 1,389.44 | - | 1,389.44 | 1,186.75 | 202.68 | 23,135.29 | 23,164.93 |
| 55 | 1/1/2021 | 23,135.29 | 1,389.44 | - | 1,389.44 | 1,196.64 | 192.79 | 21,938.64 | 23,357.72 |
| 56 | 2/1/2021 | 21,938.64 | 1,389.44 | - | 1,389.44 | 1,206.62 | 182.82 | 20,732.03 | 23,540.55 |
| 57 | 3/1/2021 | 20,732.03 | 1,389.44 | - | 1,389.44 | 1,216.67 | 172.77 | 19,515.36 | 23,713.31 |
| 58 | 4/1/2021 | 19,515.36 | 1,389.44 | - | 1,389.44 | 1,226.81 | 162.63 | 18,288.55 | 23,875.94 |
| 59 | 5/1/2021 | 18,288.55 | 1,389.44 | - | 1,389.44 | 1,237.03 | 152.40 | 17,051.51 | 24,028.35 |
| 60 | 6/1/2021 | 17,051.51 | 1,389.44 | - | 1,389.44 | 1,247.34 | 142.10 | 15,804.17 | 24,170.44 |
| 61 | 7/1/2021 | 15,804.17 | 1,389.44 | - | 1,389.44 | 1,257.74 | 131.70 | 14,546.44 | 24,302.14 |
| 62 | 8/1/2021 | 14,546.44 | 1,389.44 | - | 1,389.44 | 1,268.22 | 121.22 | 13,278.22 | 24,423.36 |
| 63 | 9/1/2021 | 13,278.22 | 1,389.44 | - | 1,389.44 | 1,278.79 | 110.65 | 11,999.43 | 24,534.02 |
| 64 | 10/1/2021 | 11,999.43 | 1,389.44 | - | 1,389.44 | 1,289.44 | 100.00 | 10,709.99 | 24,634.01 |
| 65 | 11/1/2021 | 10,709.99 | 1,389.44 | - | 1,389.44 | 1,300.19 | 89.25 | 9,409.80 | 24,723.26 |
| 66 | 12/1/2021 | 9,409.80 | 1,389.44 | - | 1,389.44 | 1,311.02 | 78.42 | 8,098.78 | 24,801.68 |
| 67 | 1/1/2022 | 8,098.78 | 1,389.44 | - | 1,389.44 | 1,321.95 | 67.49 | 6,776.83 | 24,869.17 |
| 68 | 2/1/2022 | 6,776.83 | 1,389.44 | - | 1,389.44 | 1,332.96 | 56.47 | 5,443.87 | 24,925.64 |
| 69 | 3/1/2022 | 5,443.87 | 1,389.44 | - | 1,389.44 | 1,344.07 | 45.37 | 4,099.79 | 24,971.01 |
| 70 | 4/1/2022 | 4,099.79 | 1,389.44 | - | 1,389.44 | 1,355.27 | 34.16 | 2,744.52 | 25,005.17 |
| 71 | 5/1/2022 | 2,744.52 | 1,389.44 | - | 1,389.44 | 1,366.57 | 22.87 | 1,377.95 | 25,028.04 |
| 72 | 6/1/2022 | 1,377.95 | 1,389.44 | - | 1,377.95 | 1,366.47 | 11.48 | 0.00 | 25,039.52 |

of collecting or attempting to collect this Note including, without limitation, attorneys' fees whether or not suit is brought.

6. **Application of Payments.** All payments hereunder shall be applied first to the payment of late charges, if any, then to the payment of costs and attorneys' fees, if any, then to the payment of accrued and unpaid interest, and then to the reduction of principal.

7. **Security.** This Note is secured by a mortgage on the real estate of Pillars Investment Group, LLC legally described as Lot 2, Block 1, Lawyer Heights Addition, Ramsey County, Minnesota.

8. **Governing Law and Jurisdiction.** This Note shall be governed by the laws of the State of Minnesota. Any action to enforce this note may be brought in the state or federal courts located in the State of Minnesota.

IN WITNESS WHEREOF, the undersigned has executed this Note as of the date first above written.

_____
Toua Xiong

# EXHIBIT B

(Top 3 inches reserved for recording data)

| MORTGAGE | Minnesota Uniform Conveyancing Blanks |
| by Business Entity | Form 20.1.2 (2010) |

MORTGAGE REGISTRY TAX DUE: $_____    DATE: 5/20/16
(month/day/year)

■ **CHECK IF APPLICABLE:** NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, ENFORCEMENT OF THIS MORTGAGE IN MINNESOTA IS LIMITED TO A DEBT AMOUNT OF $ $75,000_____ UNDER CHAPTER 287 OF MINNESOTA STATUTES.

THIS MORTGAGE ("**Mortgage**") is given by Pillars Investment Group, LLC_____,
(insert name of Borrower)
a limited liability company_____ under the laws of Minnesota_____,
as mortgagor ("**Borrower**"), to Erik A. Ahlgren, as trustee of David Baard Hastings (Bky No. 15-50779), or his successors or assigns
(insert name of Lender)
_____ as mortgagee ("**Lender**").
In consideration of the receipt of Seventy-five Thousand and no/100ths_____ Dollars
(insert amount of Indebtedness)
($ 75,000_____) (the "**Indebtedness**") from Lender, Borrower hereby mortgages, with power of sale, the real property in Ramsey_____ County, Minnesota, legally described as follows:

Lot 2, Block 1, Lawyer Heights Addition

Check here if all or part of the described real property is Registered (Torrens) ☐

together with all hereditaments and appurtenances belonging thereto (the "**Property**"), subject to the following exceptions:
(a)    Covenants, conditions, restrictions (without effective forfeiture provisions) and declarations of record, if any;
(b)    Reservations of minerals or mineral rights by the State of Minnesota, if any;
(c)    Utility and drainage easements which do not interfere with present improvements;
(d)    Applicable laws, ordinances, and regulations;
(e)    The lien of real estate taxes and installments of special assessments not yet due and payable; and
(f)    The following liens or encumbrances, if any: *(insert encumbrances)*

Case 15-50779   Doc 31   Filed 05/31/16   Entered 05/31/16 11:25:54   Desc Main
Document      Page 11 of 16

Borrower covenants with Lender as follows:

    **1. Repayment of Indebtedness.** If Borrower (a) pays the Indebtedness to Lender according to the terms of the promissory note or other instrument of even date herewith that evidences the Indebtedness and all renewals, extensions, and modifications thereto (the "**Note**"), final payment of which is due on June 10, 2022_____; (b) pays interest on the Indebtedness as provided in the Note;
*(insert maturity date)*
(c) repays to Lender, at the times and with interest as specified, all sums advanced in protecting the lien of this Mortgage, if any; and (d) keeps and performs all the covenants and agreements contained herein, then Borrower's obligations under this Mortgage will be satisfied, and Lender will deliver an executed satisfaction of this Mortgage to Borrower. It is Borrower's responsibility to record any satisfaction of this Mortgage at Borrower's expense.

    **2. Statutory Covenants.** Borrower makes and includes in this Mortgage the following covenants and provisions set forth in Minn. Stat. 507.15, and the relevant statutory covenant equivalents contained therein are hereby incorporated by reference:
        (a) To warrant the title to the Property;
        (b) To pay the Indebtedness as herein provided;
        (c) To pay all taxes;
        (d) That the Property shall be kept in repair and no waste shall be committed;
        (e) To pay principal and interest on prior mortgages (if any).

    **3. Additional Covenants and Agreements of Borrower.** Borrower makes the following additional covenants and agreements with Lender:
        (a) Borrower shall keep all buildings, improvements, and fixtures now or later located on all or any part of the Property (collectively, the "**Improvements**") insured against loss by fire, lightning, and such other perils as are included in a standard all-risk endorsement, and against loss or damage by all other risks and hazards covered by a standard extended coverage insurance policy, including, without limitation, vandalism, malicious mischief, burglary, theft, and if applicable, steam boiler explosion. Such insurance shall be in an amount no less than the full replacement cost of the Improvements, without deduction for physical depreciation. If any of the Improvements are located in a federally designated flood prone area, and if flood insurance is available for that area, Borrower shall procure and maintain flood insurance in amounts reasonably satisfactory to Lender. Borrower shall procure and maintain liability insurance against claims for bodily injury, death, and property damage occurring on or about the Property in amounts reasonably satisfactory to Lender and naming Lender as an additional insured, all for the protection of the Lender.
        (b) Each insurance policy required pursuant to Paragraph 3(a) must contain provisions in favor of Lender affording all right and privileges customarily provided under the so-called standard mortgagee clause. Each policy must be issued by an insurance company or companies licensed to do business in Minnesota and acceptable to Lender. Each policy must provide for not less than ten (10) days written notice to Lender before cancellation, non-renewal, termination, or change in coverage. Borrower will deliver to Lender a duplicate original or certificate of such insurance policies and of all renewals and modifications of such policies.
        (c) If the Property is damaged by fire or other casualty, Borrower must promptly give notice of such damage to Lender and the insurance company. In such event, the insurance proceeds paid on account of such damage will be applied to payment of the amounts owed by Borrower pursuant to the Note, even if such amounts are not otherwise then due, unless Borrower is permitted to make an election as described in the next paragraph. Such amounts first will be applied to unpaid accrued interest and next to the principal to be paid as provided in the Note in the inverse order of their maturity. Such payment(s) will not postpone the due date of the installments to be paid pursuant to the Note or change the amount of such installments. The balance of insurance proceeds, if any, will be the property of Borrower.
        (d) Notwithstanding the provisions of Paragraph 3(c), and unless otherwise agreed by Borrower and Lender in writing, if (i) Borrower is not in default under this Mortgage (or after Borrower has cured any such default); (ii) the mortgagees under any prior mortgages do not require otherwise; and (iii) such damage does not exceed ten percent (10%) of the then assessed market value of the Improvements, then Borrower may elect to have that portion of such insurance proceeds necessary to repair, replace, or restore the damaged Property (the "**Repairs**") deposited in escrow with a bank or title insurance company qualified to do business in Minnesota, or such other party as may be mutually agreeable to Lender and Borrower. The election may only be made by written notice to Lender within sixty (60) days after the damage occurs; and the election will only be permitted if the plans, specifications, and contracts for the Repairs are approved by Lender, which

approval shall not be unreasonably withheld, conditioned, or delayed. If such a permitted election is made by Borrower, Lender and Borrower shall jointly deposit the insurance proceeds into escrow when paid. If such insurance proceeds are insufficient for the Repairs, Borrower shall, before the commencement of the Repairs, deposit into such escrow sufficient additional money to insure the full payment for the Repairs. Even if the insurance proceeds are unavailable or are insufficient to pay the cost of the Repairs, Borrower shall at all times be responsible to pay the full cost of the Repairs. All escrowed funds shall be disbursed in accordance with sound, generally accepted, construction disbursement procedures. The costs incurred or to be incurred on account of such escrow shall be deposited by Borrower into such escrow before the commencement of the Repairs. Borrower shall complete the Repairs as soon as reasonably possible and in a good and workmanlike manner, and in any event the Repairs shall be completed by Borrower within one (1) year after the damage occurs. If, following the completion of and payment for the Repairs, there remains any undisbursed escrow funds, such funds shall be applied to payment of the amounts owed by Borrower under the Note in accordance with Paragraph 3(c).

(e) If all or any part of the Property is taken in condemnation proceedings instituted under power of eminent domain or is conveyed in lieu thereof under threat of condemnation, the money paid pursuant to such condemnation or conveyance in lieu thereof must be applied to payment of the amounts due by Borrower to Lender under the Note as set forth in Paragraph 3(c), even if such amounts are not then due to be paid.

(f) Borrower will diligently complete all Improvements, if any, that may now or hereafter be under construction on the Property.

(g) Borrower will pay all dues, fees, or assessments, if any, which are due and payable by Borrower to any homeowners or similar association as a result of the Property's inclusion therein.

(h) Borrower will pay any other expenses and attorneys' fees incurred by Lender pursuant to the Note or as reasonably required for the protection of the lien of this Mortgage.

4. **Payment by Lender.** If Borrower fails to pay any amounts to be paid hereunder to Lender or any third parties, or to insure the Improvements, and deliver the policies as required herein, Lender may make such payments or secure such insurance. The sums so paid shall be additional Indebtedness, bear interest from the date of such payment at the same rate set forth in the Note, be an additional lien upon the Property, and be immediately due and payable upon written demand. This Mortgage secures the repayment of such advances.

5. **Default.** In case of default (i) in the payment of sums to be paid under the Note or this Mortgage, when the same becomes due, (ii) in any of the covenants set forth in this Mortgage, (iii) under the terms of the Note, or (iv) under any addendum attached to this Mortgage, Lender may declare the unpaid balance of the Note and the interest accrued thereon, together with all sums advanced hereunder, immediately due and payable without notice, and Borrower hereby authorizes and empowers Lender to foreclose this Mortgage by judicial proceedings or to sell the Property at public auction and convey the same in fee simple in accordance with Minn. Stat. Ch. 580, and out of the monies arising from such sale, to retain all sums secured hereby, with interest and all legal costs and charges of such foreclosure and the maximum attorneys' fees permitted by law, which costs, charges, and fees Borrower agrees to pay.

6. **Governing Law; Severability.** This Mortgage shall be governed by the laws of Minnesota. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision.

7. **Additional Terms.** *Check this box* ☐ *if Form 20.2.1 or any other addendum (either one or more) containing additional terms and conditions is attached to this Mortgage. If the foregoing box is not checked, then this Mortgage shall not contain any such additional terms and conditions.* The number of additional attached pages is _____.Terms of this Mortgage will run with the Property and
*(insert number of pages in addendum)*
bind the parties hereto and their successors in interest.

Note: Remainder of page left blank, signature page follows.

Page 4 of 4                                                                         Minnesota Uniform Conveyancing Blanks    Form 20.1.2

Borrower

Pillars Investment Group, LLC
(name of Borrower)

By: _____
(signature)

Its: __Governor_____
(type of authority)

By: _____
(signature)

Its: _____
(type of authority)

State of Minnesota, County of __Ramsey_____

This instrument was acknowledged before me on __5/20/16__, by __Tova Xiang__
                                                 (month/day/year)                (name of authorized signer)
                                                 as __Governor__
                                                    (type of authority)

and by _____
              (name of authorized signer)
as _____ of __Pillars Investment Group__
       (type of authority)                (name of Borrower)

(Stamp)

TIMOTHY R MAHER
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2020

__Timothy R. Maher__
(signature of notarial officer)

Title (and Rank): __Notary Public__

My commission expires: __01/31/2020__
                         (month/day/year)

THIS INSTRUMENT WAS DRAFTED BY:
(insert name and address)

Erik A. Ahlgren
Ahlgren Law Office, PLLC
220 West Washington Ave.
Suite 105
Fergus Falls, MN 65537

Note: Failure to record or file this mortgage may give other parties priority over this mortgage.

# EXHIBIT C

## Bill of Sale

Erik Ahlgren, as trustee of the bankruptcy estate David Baard Hastings, bankruptcy case number 15-50779, hereby sells, transfers and conveys to Toua Xiong, an individual with a business address of 217 Como Avenue, St. Paul, MN 55104, the following assets on an "as is" basis with no warranties express or implied:

- The bankruptcy estate's interest in Hmongtown Marketplace, LLC and the Pillars Investment Group, LLC

Bankruptcy Estate of David Baard Hastings,
bankruptcy case number 15-50779

_____

Erik Ahlgren
Trustee

# EXHIBIT D

_____
**(space above line reserved for recording data)**

## INSTRUMENT OF TRANSFER OF REAL PROPERTY

DEED TAX DUE:      $

Date:  _____

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In RE: | ) | Case No. 15-50779-RJK |
| David Baard Hastings | ) | Chapter 7 |
|  ) | | |
|  | ) | CONVEYANCE OF REAL PROPERTY OF THE ESTATE |
| Debtors. | ) | |

    For valuable consideration, **ERIK A. AHLGREN**, Grantor, the trustee (or debtor in possession) and as the Representative of the Estate of the Debtor under U.S.C. §§323(a) or 1107(a) in the above titled bankruptcy case, which case is now pending, hereby conveys to **Pillars Investment Group, LLC, a Minnesota limited liability company**, Grantee, all of the bankruptcy estate's interest in real property in Ramsey County, Minnesota, described as follows:

    **Lot 2, Block 1, Lawyer Heights Addition, Ramsey County, Minnesota**

                                  TRUSTEE

Affix Deed Tax Stamp Here                     _____

                                                 Erik A. Ahlgren

-2-

**STATE OF MINNESOTA** )
                       )ss.
**COUNTY OF OTTER TAIL** )

The foregoing instrument was acknowledged before me this ____ day of _____, 2016, by **ERIK A. AHLGREN,** as Representative of the Estate of the Debtor in the above-titled bankruptcy case.

_____
Notary Public

Check box if applicable:
[ X ]  The Seller certifies that the seller does not know of any wells on the described real property.
[   ]  A well disclosure certificate accompanies this document.
[   ]  I am familiar with the property described in this instrument and I certify that the status and number of wells on the described real property have not changed since the last previously filed well disclosure certificate.

| THIS INSTRUMENT WAS DRAFTED BY:<br><br>Erik A. Ahlgren<br>Ahlgren Law Office, PLLC<br>220 W. Washington Ave., Suite 105<br>Fergus Falls, MN   56537 | Tax Statements for the real property described in this instrument should be sent to:<br><br>Pillars Investment Group, LLC<br>217 Como Avenue<br>St. Paul  MN  55104 |

**MINNESOTA BANKRUPTCY COURT LOCAL RULE REFERENCE 6004-1**

-2-